# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 5:04-CR-5(1) |
| | § | |
| TIMOTHY BRYAN JORDAN | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On July 8, 2008, the court held a hearing on the government's petition (#61) to revoke supervised release. The government was represented by Assistant United States Attorney Ms. Denise Simpson. The defendant was represented by Mr. Scott Hacker.

Timothy Bryan Jordan was sentenced on June 23, 2004, before The Honorable U.S. District Judge David Folsom of the Eastern District of Texas – Texarkana Division, after pleading guilty to the offense of possession of contraband in prison, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 6 and a criminal history category of IV, was 6 to 12 months. Timothy Bryan Jordan was subsequently sentenced to 6 months imprisonment followed by 2 years of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and a $100 special assessment. On February 23, 2007, Timothy Bryan Jordan completed his period of imprisonment and began service of the supervision term in the Western District of Arkansas.

On September 19, 2007, Mr. Jordan's original term of supervised release was revoked and he was sentenced to 3 months imprisonment to be followed by a 2 year term of supervised release. This 3 month term of imprisonment was ordered to run concurrently with his revocation sentence in *USA v. Timothy Bryan Jordan*, No. 6:02-CR-14(1) (E.D. Tex. filed Mar. 6, 2002). On December

1

2, 2007, Mr. Jordan completed his imprisonment and began serving his term of supervised release in the Western District of Arkansas.

On July 2, 2008, the instant petition to revoke was filed.  In its petition, the government alleges the defendant violated the following conditions:

1) The defendant shall not commit another federal, state, or local crime.  Specifically, the government alleges as follows: On or about April 30, 2008, Mr. Jordan was arrested by the Atlanta, Texas Police Department and charged with possession of marijuana in a drug free zone.  According to the offense report, Mr. Jordan was parked in his vehicle inside a city park.  When the arresting officer drove past Mr. Jordan's vehicle he smelled the odor of marijuana.  Upon questioning, Mr. Jordan stated that there was marijuana in the center console of his vehicle which the officer subsequently found.  This charge is pending in state court.

2) The defendant shall not illegally possess a controlled substance.  Specifically, the government alleges as follows: On or about April 30, 2008, Mr. Jordan was arrested by the Atlanta, Texas Police Department and charged with possession of marijuana in a drug free zone.  According to the offense report, Mr. Jordan was parked in his vehicle inside a city park.  When the arresting officer drove past Mr. Jordan's vehicle he smelled the odor of marijuana.  Upon questioning, Mr. Jordan stated that there was marijuana in the center console of his vehicle which the officer subsequently found.  This charge is pending in state court.

3) The defendant shall refrain from any unlawful use of a controlled substance.  Specifically, the government alleges as follows: On or about May 2, 2008, Mr. Jordan admitted to smoking marijuana on the day of his arrest and a few days prior to his arrest.  Additionally, Mr. Jordan submitted a urine specimen that tested positive for the use of marijuana on each of the following

dates: May 6, 2008, May 14, 2008, June 10, 2008, and June 17, 2008.

The court scheduled a revocation hearing for July 8, 2008.  At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to the third allegation set forth above, and the government abandoned the first and second allegations set forth above.  Based on the defendant's plea of true to the third allegation, and with no objection by the defendant or the government, the court found that the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 7 months with no term of supervised release to follow such term of imprisonment.  The court further recommends that the defendant be placed by the Bureau of Prisons within its Texarkana, Texas, facility, or such other that is equipped to treat Mr. Jordan's medical needs during the period of his confinement.  Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the third allegation as set forth in the government's petition be **ACCEPTED**.  Based upon the defendant's plea of true to this allegation, it is further recommended that the court find that the defendant violated the conditions of his supervised release.  It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**.  It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 7 months with no term of supervised release to follow such term of imprisonment.  It is further

**RECOMMENDED** that the court request that the Bureau of Prisons place the defendant in its Texarkana, Texas, facility, or such other facility that is equipped to treat Mr. Jordan's medical

needs during the period of his confinement.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  *Douglas v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

SIGNED this 5th day of August, 2008.

CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE